IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | No. 5:11-CV-378 (CAR) |
| $23,400 IN UNITED STATES FUNDS, | : | |
| First-Named Defendant Property, | : | |
| | : | |
| $23,400 IN UNITED STATES FUNDS, | : | |
| Second-Named Defendant Property. | : | |
| _____ | : | |

## ORDER ON MOTION FOR DEFAULT JUDGMENT OF FORFEITURE AND FINAL ORDER OF FORFEITURE

Before the Court is the United States' Motion for Default Judgment of Forfeiture and Final Order of Forfeiture of $23,400.00 in United States Funds ("First-Named Defendant Property") and $23,400.00 in United States Funds ("Second-Named Defendant Property") (collectively, the "Defendant Property") [Doc. 24]. No response has been filed, and the time to do so has expired. Upon consideration of the Government's Verified Complaint, its pending Motion, the relevant legal authorities, and the entire record in the case, the Government's Motion for Default Judgment of Forfeiture and Final Order of Forfeiture [Doc. 24] is **GRANTED**.

On September 20, 2011, a Verified Complaint for Forfeiture *in rem* was filed on behalf of the United States against the Defendant Property to enforce the provisions of Title 21, United States Code, Section 881(a)(6) for the forfeiture of property which

constitutes proceeds traceable to the exchange of controlled substances.[1]   In October 2013, copies of the Notice of Forfeiture, Verified Complaint for Forfeiture, and Warrant of Arrest in Rem were sent to potential claimants Unlimited Salon, S.S. Inc., Tommy's Beauty Supply, Es Es Shoes, Arteuis Cotton, Eric Keith Brown, Shevette Riley, and Antonio Riley.

Pursuant to the warrant of arrest *in rem* issued by this Court, the Defendant Property was arrested and seized on October 23, 2013, by the United States Marshal Service.   From January 9, 2014, until February 7, 2014, notice of this forfeiture was published online in accordance with Rule G(4) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.[2]

Under 18 U.S.C. § 983(a)(4)(A) and Rule G(4) and G(5) of the Supplemental Rules, all claimants are required to file their claims with the Clerk of the Court within thirty-five (35) days after service of the complaint, or no later than sixty (60) days from the first day of publication on the official internet government forfeiture website, whichever occurred first.   None of the potential claimants filed a claim with the Clerk of the Court, and the time for filing a claim has now expired.

As all claimants have failed to file a verified claim, answer, or otherwise respond to the Verified Complaint, the Clerk entered a default on March 28, 2014.   The instant

---

[1] 21 U.S.C. § 881(a)(6).
[2] Aff. of Pub. [Doc. 22].

Motion seeks the entry of judgment in favor of the United States and a final order of forfeiture of the Defendant Property.   Despite service of the Motion, none of the claimants have filed a response.

A court may enter a default judgment only if the factual allegations of the complaint, which are assumed to be true, provide a sufficient legal basis for entry of a default judgment.[3]  In view of the uncontested allegations and submitted affidavit as to the amount to be declared forfeited to the Government, the Court finds the factual allegations of the Verified Complaint for Forfeiture *in rem* provide a sufficient legal basis for entry of a default judgment.  Accordingly, the Court finds that the First-Named Defendant Property, $23,400.00 in United States Funds, and the Second-Named Defendant Property, $23,400.00 in United States Funds, are money, negotiable in instruments, securities, or other things of value furnished or intended to be furnished in exchange for a controlled substance or listed chemical in violation of the Controlled Substances Act.  The Government's Motion for Default Judgment of Forfeiture [Doc. 24] is **GRANTED**.

The Government also seeks a final order of forfeiture as to the Defendant Property pursuant to 21 U.S.C. § 881(a).  The Court finds that the Defendant Property is subject to forfeiture because the Verified Complaint for Forfeiture *in rem* states a factual and legal basis for forfeiture under 21 U.S.C. § 881(a).  Further, no defense to the

---

[3] *Nishimatsu Constr. Co. v. Houston Nat'l Bank,* 515 F.3d 1200, 1206 (5th Cir. 1975).

forfeiture has been interposed, and no opposition has been made to the motion for entry of a default judgment.  Thus, the Motion for Final Order of Forfeiture [Doc. 24] is **GRANTED**.  All right, title, and interest in the Defendant Property is hereby forfeited and vested in the United States, which shall have clear title to this property, may warrant good title to any subsequent transferee, and shall dispose of the property in accordance with the law.

     **SO ORDERED**, this 21st day of May, 2014.


     S/  C. Ashley Royal
     C. ASHLEY ROYAL
     UNITED STATES DISTRICT JUDGE

ADP